IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF WISCONSIN

HUPY & ABRAHAM, S.C.,

    Plaintiff,

v.

QUINTESSA LLC d/b/a
QUINTESSA MARKETING,

    Defendant.

Case No: 2:21-CV-00577

## PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff, Hupy and Abraham, S.C., pursuant to Wis. Stat. § 787.30 and Rule 65 of Federal Rules of Civil Procedure, moves the Court to grant its Emergency Motion for and Preliminary Injunction immediately and without notice, enjoining the Defendant, Quintessa LLC, its agents, servants, employees, attorneys, and all other persons acting in active concert and participation with the Defendant, from further marketing for, screening, and retaining clients involved in motor vehicle accidents on behalf of the Plaintiff, Hupy and Abraham, S.C., pending a hearing and disposition of the Plaintiff's Emergency Motion for Preliminary Injunction filed on Friday, May 7, 2021 at 10:00 a.m.

This motion is based on the following grounds:

1. On February 3, 2021, the Plaintiff signed a contract with the Defendant for its services in marketing for, screening, qualifying, and signing up "plaintiffs" involved in motor vehicles for representation.

2. On April 1, 2021, the Plaintiff notified the Defendant with thirty (30) day notice

that it would not be renewing the contract pursuant to the express terms in the contract, which was confirmed by the Defendant, and on that same day, the Defendant confirmed said notice of non-renewal.

3. Pursuant to the April 1, 2021 notice, the subject contract ended on May 4, 2021.

4. Since the termination of said contract, the Defendant proceeds to retain "plaintiffs" on the Plaintiff's behalf. Additionally, the Defendant has continued to retain "plaintiffs" on the Plaintiff's behalf after the contract terminated.

5. Unless enjoined by this Court, the Defendant may continue to retain "plaintiffs" on the Plaintiff's behalf despite the contractual agreement's termination.

6. Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, the counsel for the Plaintiff respectfully certifies to the Court that on May 5, 2021, the Plaintiff filed a Complaint regarding this matter. Moreover, the Plaintiff, by its Vice President, Attorney Jason F. Abraham, provided both a Notice of Rescission and a courtesy copy of the Summons and Complaint to the Defendant, by its Founder and Chief Executive Officer, Lauren V. Mingee, on May 5, 2021, at 2:19 pm. This Notice revoked the Defendant's rights to use any retainer documents on behalf of the Plaintiff. However, the Plaintiff received a retainer agreement from the Defendant for a "plaintiff" on May 5, 2021, at 5:29 pm after the Defendant had knowledge of the contract's end date and rescission. The Plaintiff cannot accept the risk that the Defendant will continue to accept "plaintiffs" on its behalf resulting in further economic expense to the Plaintiff, and as such, this motion was given without additional notice to the Defendant.

7. There is a substantial likelihood that the Plaintiff will establish at trial that the

Defendant breached its contract with the Plaintiff and the Defendant's express representations to the Plaintiff were false, deceptive, and/or misleading.

8. A Preliminary Injunction is necessary to prevent irreparable injury to the Plaintiff. If the Defendant continues retaining non-qualifying "plaintiffs" on the Plaintiff's behalf, this could result in further fees to the Plaintiff. Additionally, the Defendant's retention of "plaintiffs" when the Plaintiff has already rescinded the Defendant's usage of the Plaintiff's retainers exposes both parties to allegations of unauthorized practice of law. At the moment, the Plaintiff has no adequate remedy at law, and the Court's ability to provide effective relief would be significantly impaired, if the Defendant continues to retain "plaintiffs" on the Plaintiff's behalf pursuant to an expired contract that was also rescinded by the Plaintiff.

9. Any harm to the Defendant from enjoining the retainer of "plaintiffs" on behalf of the Plaintiff would be outweighed by the actual and immediate, irreparable negative effects to the Plaintiff's business and reputation resulting from the Defendant's retainer of "plaintiffs."

This Motion is based upon the pleadings and filings already in the record, together with the accompanying affidavit of Attorney Jason F. Abraham, which is attached hereto and incorporated herein. The Plaintiff will suffer immediate and irreparable loss, damage, and injury if this Motion is not granted.

**DATED** at Milwaukee, Wisconsin, this \_\_6th\_\_ day of \_\_\_May\_\_\_, 2021.

                                      HUPY AND ABRAHAM, S.C.
                                      Attorneys for the Plaintiff,

                                      By: _____
                                      Todd R. Korb
                                      State Bar Number: 1026950

<u>Post Office Address</u>
111 East Kilbourn Avenue
Suite 1100
Milwaukee, Wisconsin 53202
(414) 223-4800

4