THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **QUINTESSA LLC d/b/a QUINTESSA MARKETING,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. ) | **CIV-20-876-R** |
| )<br>**ERB LEGAL INVESTMENTS, LLC,** )<br>**d/b/a THE BRADLEY LAW FIRM,** )<br>)<br>**Defendant.** )<br>) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. No. 3), to which Plaintiff filed a Response (Doc. No. 4) and in favor of which Defendant filed a Reply. (Doc. No. 8). Upon consideration of the parties' submissions, the Court finds as follows.

In support of its motion Defendant relies on Federal Rule of Civil Procedure 12(b)(2), asserting that the Court cannot exercise personal jurisdiction over it, because it is a limited liability company domiciled in Missouri without sufficient contacts to be haled into court in Oklahoma. Defendant alternatively contends the case should be dismissed pursuant to the doctrine of *forum non conveniens* so that the claims herein could be tried as part of ongoing state court litigation filed by ERB against Quintessa in Missouri state court.

Plaintiff's Complaint alleges two claims, breach of contract and fraud. Plaintiff, a firm that sells personal injury leads to attorneys, entered into a contract in April 2020,

EXHIBIT P

whereby, in exchange for payments, it agreed to send case leads for Missouri personal injury cases to the Defendant attorneys. Plaintiff alleges that shortly after the relationship started it discovered that although in some cases Defendant indicated an intention to disengage—that is reject—certain leads, it continued to provide legal services to the persons identified in those leads, but failed to pay Plaintiff in accordance with the contract.[1] Plaintiff's fraud claim echoes the same facts, asserting that it processed refunds of the lead fees to Defendant's account in reliance on Defendant's false representations.[2]

For the reasons set forth herein, the Court denies Defendant's Motion to Dismiss but construes its request for dismissal on the doctrine of *forum non conveniens* as seeking transfer of this action pursuant to 28 U.S.C. § 1404(a) and transfers this case to the Eastern District of Missouri.[3] The Court notes that on September 15, 2020, Quintessa filed a Notice of Removal in *ERB Legal Investments, LLC v. Quintessa Marketing, Inc.*, Case No 2022-

---

[1] Plaintiff also alleges that it sent Defendant more leads than Defendant paid for. According to the contract the Marketing Campaign was "pre-funded with an initial payment of $50,000. Tier 1/Tier 2 leads are deducted from the funded amount at the time of lead delivery. Quintessa tracks and accounts for the funds each law firm has in its campaign at all times. Your law firm has the ability to see how much money remains in its campaign at any given time." (Doc. No. 3-2). Tier 1 leads were charged at $2000 per Plaintiff and Tier 2 leads were $4200 per Plaintiff. *Id.* The law firm had six days to turn down, aka disengage, a lead for one of four reasons identified in the contract. *Id.* Once rejected, Defendant agreed to no longer pursue the lead. *Id.*

[2] The contract provides, "[l]eads may no longer be pursued by The Bradley Law Firm or its affiliate referral firms once the lead has been disengaged." (Doc. No. 3-2, p. 2).

[3] Although Defendant argues to the contrary, the Court agrees with Plaintiff that the common law doctrine of *forum non conveniens* would not apply here.

> [The] transfer of venue function of *the forum non conveniens* doctrine has been superseded by statute, *see* 28 U.S.C. § 1404(a), and to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in "cases where the alternative forum is abroad." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Am. Dredging Co.*, 510 U.S. at 449 n. 2, 114 S.Ct. 981; further internal citations omitted).

*Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1181 (D. Colo. 2008); *see also Archangel Diamond Corp. Liquidating Trust v. Lukoil*, 812 F.3d 799, 804 (10th Cir. 2016)("If there is no adequate alternative forum *or if the issue is controlled by American law*, the *forum non conveniens* doctrine is inapplicable." (citations omitted) (emphasis added)).

2

CC09383, Circuit Court of St. Louis, and the case is currently pending in the Eastern District of Missouri.[4]

28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a) (2006) (hereinafter "Section 1404[a]"). The Court's assessment of convenience under Section 1404(a) is "discretionary." *King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 647 (10th Cir. 2003). However, "unless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) (quotation marks and citation omitted). Motions for transfer warrant an "'individualized, case-by-case consideration of convenience and fairness.' *Chrysler Credit Corp. v. Country Chrysler*, Inc., 928 F.2d 1509, 1516 (10th Cir.1991). "[The] party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt*, 956 F.2d at 965 (10th Cir.1992).[5]

---

[4] Quintessa has filed a Motion to Dismiss addressing alleged 12(b)(6) deficiencies in ERB's Amended Petition but does not challenge personal jurisdiction. Quintessa also seeks a stay in that action pending this Court's ruling and requests transfer of that action to this Court. Quintessa's motions remain pending in that court.

[5] Defendant also challenges personal jurisdiction. Because the Court transfers this case, there is no need to address this issue.

> "[T]here is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). The Supreme Court has explained:
>> The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum. On the other hand, neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties. Accordingly, when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue.
>
> *Leroy v. Great W. United Corp.*, 443 U.D. 173, 180 (1979) (internal citations omitted).

In assessing whether transfer is appropriate the Court considers the following factors:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9], all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks and citation omitted).

Clearly the first factor weighs in favor of the Plaintiff who chose to file this action in Oklahoma. The Court finds, given Plaintiff's allegations that Defendant continued representing referred clients after purporting to disengage, so as to avoid payment of the referral fee, that the majority of the witnesses to whether Defendant continued its representation, that is Defendant's clients, will be outside the state of Oklahoma. Although Plaintiff's employees are located in Oklahoma, the Missouri and Illinois clients will provide the evidence relevant to whether Defendant violated the contract and committed

---

*Aspen Corps., Inc. v. Gorman*, No. 18-CV-01325-CMA-SKC, 2019 WL 1281211, at *3 (D. Colo. Mar. 20, 2019) The Court finds in this case that the issue of personal jurisdiction over Defendants is an extremely close question and that resolution of the issue of the forum's convenience would be the same regardless. Therefore, the Court chooses to proceed with a § 1404(a) analysis first.

fraud in this particular manner. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Bartile Roofs*, 618 F.3d at 1169 (internal quotation marks and citation omitted). The convenience of non-party witnesses weighs more heavily under this factor than the convenience of the parties. *Mandel v. Hafermann*, No. 2:19-cv-00563, 2020 WL 2849928, at *4 (D. Utah June 2, 2020) (citing *Anza Tech., Inc. v. Xilinx, Inc.*, 2017 WL 4864947, at *8 (D. Colo. Oct. 27, 2017)). Furthermore, the convenience of a party's employees carries little weight because the party "is able, indeed, obligated to procure the attendance of its own employees for trial." *Vega v. Craftworks Restaurants & Breweries Grp.*, No. 19-cv-00284-MSK-STV, 2019 WL 6893038, at *5 (D. Colo. Dec. 18, 2019) (citation omitted); *see also Navajo Nation v. Urban Outfitters, Inc.*, 918 F. Supp. 2d 1245, 1257 (D.N.M. 2013).

The cost of proof does not weigh heavily in favor of either Plaintiff or Defendant, given that, regardless of where the disputes between the parties proceeds, one side or the other will be inconvenienced and experience higher costs as a result. Similarly, the obstacles and relative advantages to a fair trial are neutral, as is the issue of difficulties that might arise from congested dockets. Dockets of courts throughout the United States have been turned on their heads as a result of COVID-19 and there is no basis from which the Court could conclude, given the unique circumstances of the past year, that Missouri or Oklahoma would be more efficient.

In a diversity action the Court applies the substantive law of the forum state, in this case, Oklahoma. Additionally, when a § 1404 transfer is granted, the transferee forum must apply the law of the transferor forum. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964);

*Ferens v. John Deere Co.*, 494 U.S. 516, 524–25 (1990). Federal courts are qualified to apply various states' laws. *Bartile Roofs*, 618 F.3d at 1169. The Court does not find any reason to believe that the Eastern District of Missouri would be unable to apply the correct law to Plaintiff's claims. Conflicts of law are a neutral factor here. *See Butikofer v. Nygren*, No. 2:16-cv-00610-DN, 2016 WL 7190556, at *7 (D. Utah Dec. 12, 2016). Additionally, questions of local law carry little weight when it comes to adjudicating familiar common-law claims, such as breach of contract and fraud claims. *Presidential Hosp., LLC v. Wyndham Hotel Grp.*, LLC, 333 F. Supp. 3d 1179, 1235 (D.N.M. 2018).

The Court finds that transfer of this action to the Eastern District of Missouri is in the interests of justice. That court can decide whether to consolidate this action with the case filed by ERB against Quintessa or whether to permit the cases to proceed in parallel. Accordingly, the Court finds that transfer of this matter pursuant to 28 U.S.C. § 1404(a) is proper, and therefore denies Defendant's Motion to Dismiss.

IT IS SO ORDERED this 5th day of January 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE