IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF WISCONSIN

HUPY & ABRAHAM, S.C.,

    Plaintiff,

v.                                                            Case No: 2:21-CV-00577-JPS

QUINTESSA MARKETING, LLC,

    Defendant.

## AFFIDAVIT OF HANNAH DOCKENDORFF

I, Hannah E. Dockendorff, being first duly sworn on oath, depose and state that:

1. I make this Affidavit based on personal knowledge in Support of the Plaintiff's Emergency Motion for a Preliminary Injunction.

2. That I work with the attorney of record, Attorney Todd R. Korb, for the Plaintiff in the above-entitled action and make this Affidavit in support of the Plaintiff's Response to Defendant's Motion to Dismiss.

3. I was informed by Attorney Todd Korb's paralegal that she was told by this Court that before a hearing on a preliminary injunction can be held, both parties need to file documentation demonstrating the completion of discovery. I was subsequently asked to look into whether or not there were any Local Rules of Federal Rules providing guidance on discovery completion prior to a hearing regarding a preliminary injunction. I found no rules guiding this matter.

4.	Under the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 65(a)(1), the moving party is required to give notice to the adverse party before the court may issue the preliminary injunction. The rule is silent about when notice must be given.

5.	Under FRCP Rule 6(c) states that any motion must be served, along with notice of the hearing thereof, at least fourteen (14) days, before the time set for the hearing. Accordingly, I interpreted that the notice under FRCP Rule 65(a)(1) should be served on the adverse party at least fourteen (14) days before the preliminary-injunction hearing.

6.	Although FRCP Rule 65(a)(1) does not define what constitutes proper notice, *In re Lease Oil Antitrust Litigation (No. II)*, 200 F.3d 317 (5th Cir. 2000), held that providing a copy of the motion and a specification of the time and place of the hearing are adequate.

7.	On May 28, 2021, I called Judge Stadtmueller's office to get guidance on how to get a hearing scheduled for the Plaintiff's injunctive motion. I spoke with a woman who identified herself as Ashley. I explained that Plaintiff's counsel had filed an emergency injunction motion on May 7, 2021, but had yet to receive a hearing date or briefing scheduling on this matter. Moreover, I explained how under FRCP Rule 65(a)(1) the Court could not approve an injunction unless notice has been given but the Plaintiff's counsel could not provide notice unless they had an injunction hearing scheduled per FRCP Rule 6(c).

8.	Ashley explained that Judge Stadtmueller prefers to have a certification signed by both parties stating that discovery related to the dispute in the injunction is complete. This is to ensure there is an ongoing dispute and not just some misunderstanding. Ashley said to the best of her knowledge there was no Local Rule or Federal Rule requiring this; however, she said that she would follow up with the Judge Statdmueller to confirm this directive.

9. That on the same day, Ashley called me back. She wanted verification on which rules I had concern about. I explained FRCP Rule 65(a)(1) and Rule (6)(c) provide that Plaintiff's counsel need to provide notice before the Court can rule on injunctive relief but notice cannot be given without the Court providing a hearing date to the parties. Ashley said she would call me back.

10. Later that same day, Ashley called me back. She confirmed that Judge Stadtmueller wants discovery certification signed by all parties and a statement of facts agreed upon by all parties prior to providing the court date to hear the Plaintiff's motion for injunctive relief.

11. To the best of my knowledge, no requests discovery has been exchanged between the parties as of the date of signing this Affidavit.

**DATED** at Milwaukee, Wisconsin, this 29th day of June, 2021.

By: _/s/ Hannah E. Dockendorff_____
Hannah E. Dockendorff

Sworn to and subscribed before me
this 29th day of June, 2021

_/s/ Tyler J. Tannis_____
Notary Public, State of Wisconsin.
My commission is permanent.